IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE GENE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:16-CV-468-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

After obtaining authorization under 28 U.S.C. §§ 2252(h)(2) and 2244(b)(3)

from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C.

§ 2255 motion, Petitioner Willie Gene Davis filed this 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence under *Johnson v. United States*, 135 S. Ct.

2551 (2015).   (Doc.  # 1.)[1]  In *Johnson*, which applies retroactively to cases on

collateral review, *see Welch v. United States*, 136 S. Ct.  1257 (2016), the Supreme

Court voided for vagueness the residual clause of the "violent felony" definition in

the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   Through counsel,[2]

---

[1] References to document numbers assigned by the Clerk of the Court are designated as "Doc.  #."  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Davis filed his § 2255 motion through this district's Federal Defender organization.

Davis challenges his designation as an armed career criminal and argues that, under *Johnson,* he no longer has three prior convictions that qualify as ACCA predicates. He seeks resentencing without application of the ACCA. For the reasons that follow, Davis's § 2255 motion is due to be denied.

## II.    BACKGROUND

### A.    <u>Davis's Criminal Case</u>

On May 13, 2008, a jury found Davis guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three or more prior convictions for a "violent felony," a "serious drug offense," or both, is subject to an enhanced sentence of not less than fifteen years. 18 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

In 2008, when Davis was sentenced, the ACCA provided three definitions of "violent felony." The "elements clause" covered any offense that "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The next subsection in the statute contained the other two definitions. *See* 18 U.S.C. § 924(e)(2)(B)(ii). That

subsection defined "violent felony" as any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first nine words made up the "enumerated-offenses clause," and the last fifteen composed the catchall (and now void) "residual clause." *See, e.g., In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016). Of importance to the issues presented in Davis's § 2255 motion, the enumerated-offenses clause encompassed (and still encompasses) only "generic" versions of the listed offenses — that is, offenses comporting with the way "in which the term [e.g., burglary] is now used in the criminal codes of most [s]tates." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

### 1. *Davis's Presentence Investigation Report*

The U.S. probation officer indicated in Davis's presentence investigation report ("PSR") that he had the requisite number of predicate convictions to subject him to the ACCA enhancement. (Doc. # 6-5, at 5–6, ¶¶ 27–28; at 18, ¶ 2.) The probation officer provided that Davis had three prior convictions that qualified as violent felonies for purposes of an ACCA enhancement: (1) a 1977 Alabama conviction for second-degree burglary; (2) a 1981 Alabama conviction for third-degree burglary; and (3) a 1992 Alabama conviction for second-degree escape. (Doc. # 6-5, at 18, ¶ 2; *see id.* at 7–8, ¶¶ 38, 44–45.) The probation officer noted that § 924(e)(2)(B)(ii) specifically referenced burglary as a crime of violence. (Doc.

# 6-5, at 18, ¶ 2.)   The probation officer did not specify under which clause of the ACCA definition of violent felony Davis's Alabama second-degree escape conviction fell.  The probation officer also provided that Davis had prior Alabama convictions, obtained in 1996, for five counts of unlawful distribution of a controlled substance.  (Doc. # 6-5, at 18, ¶ 2; Doc. # 6-5, at 9, ¶ 47.)  The PSR indicates that the drug purchases occurred "on five separate occasions" on two different dates. (Doc. # 6-5, at 9 ¶ 47.)  The probation officer indicated that a conviction for drug distribution qualified as a serious drug offense for purposes of an ACCA enhancement, but it did not matter whether Davis's five drug-distribution convictions were counted separately or as only one prior conviction because even one drug distribution conviction, when coupled with Davis's prior convictions for violent felonies, would yield a total of four qualifying predicate convictions for purposes of an ACCA enhancement.  (Doc. # 6-5, at 18, ¶ 2.)

## 2.   *Sentencing Hearing*

Davis's sentencing hearing was held on November 6, 2008.  (Doc. # 6-8.) There, the Government argued that, as indicated in the PSR, Davis was subject to an ACCA-enhanced sentence because he had three or more prior convictions for either a violent felony or a serious drug offense, or a combination of both.  (*See* Doc. # 6-8, at 10–17.)  The Government offered into evidence certified copies of the conviction reports and indictments for Davis's Alabama convictions for second-degree and

third-degree burglaries, second-degree escape, and five counts of unlawful distribution of a controlled substance. (Doc. # 6-8, at 10–11.) Davis's counsel objected to application of the ACCA, arguing that neither of Davis's prior Alabama burglary convictions was a violent felony for purposes of the ACCA and that Davis's five Alabama drug distribution convictions should be counted as only one prior conviction because they were the result of sales to the same person during the same drug investigation. (Doc. # 6-8, at 8–10 & 20–21.)

After considering the parties' arguments, the district court found that Davis's two prior Alabama burglary convictions were for "generic burglaries" that qualified as violent felonies under the ACCA's enumerated-offenses clause. (Doc. # 6-8, at 12–19 & 34.) The district court further found that Davis had "at least two" prior qualifying predicate convictions for serious drug offenses because the evidence established that two of the underlying drug sales took place on separate dates. (Doc. # 6-8, at 21–24 & 34–35.) Finally, the district court found that Davis's prior Alabama conviction for second-degree escape qualified as a violent felony, accepting the Government's argument (apparently under the ACCA's residual clause) that Davis's escape from a penal facility involved an increased inherent risk. (Doc. # 6-8, at 24–26 & 32–35.) Concluding that Davis had a total of five qualifying predicate convictions, the district court sentenced Davis under the ACCA to 220 months in prison. (Doc. # 6-8, at 35, 40 & 44.)

### 3. *Direct Appeal*

Davis appealed his conviction, arguing that the district court erred in denying his motion to suppress evidence. In March 2010, the Eleventh Circuit Court of Appeals affirmed the judgment of conviction. *United States v. Davis*, 598 F.3d 1259 (11th Cir. 2010); (*see* Doc. # 6-10.) Davis's petition for certiorari review with the United States Supreme Court was granted, and on June 16, 2011, the Supreme Court affirmed the judgment of the Eleventh Circuit. *Davis v. United States*, 564 U.S. 229 (2011); (Doc. # 6-11.)

### 4. *Davis's First § 2255 Motion*

In January 2012, Davis filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which he asserted various claims of ineffective assistance of counsel. *See Davis v. United States*, No. 2:12-cv-38-WKW (M.D. Ala. Jan. 12, 2012). In September 2014, this court denied Davis relief on the claims in his § 2255 motion. The Eleventh Circuit denied Davis's application for a certificate of appealability in April 2015. *See Davis*, No. 2:12-cv-38-WKW (Doc. # 30).

### B.     The Supreme Court's Decision in *Johnson*

In June 2015, after Davis's first § 2255 motion was rejected, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to

defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law."  *Id.* at 2557.  However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony."  *Id.* at 2563 (alterations added). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

## C.    Davis's *Johnson* Claim

In May 2016, Davis filed an application with the Eleventh Circuit seeking authorization to file a second or successive § 2255 motion based on *Johnson*.  *See In re Davis*, No. 16-12458 (11th Cir. 2016).  In that application, Davis argued that he received the ACCA enhancement based on prior convictions — specifically, his Alabama convictions for second-degree burglary, third-degree burglary, and second-degree escape — that qualified as violent felonies under the ACCA's now-void residual clause and thus his ACCA-enhanced sentence is invalid.  *Id.*  On June 3, 2016, the Eleventh Circuit authorized Davis to file a second-or-successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), finding he had made a prima facie showing that his ACCA-enhanced sentence is invalid under *Johnson*.  (*Id.*; *see* Doc. # 6-14.)

On June 21, 2016, Davis filed this § 2255 motion arguing he is entitled to be resentenced without the ACCA enhancement because, after *Johnson*, his Alabama convictions for second-degree burglary, third-degree burglary, and second-degree escape no longer qualify as violent felonies under the residual clause of the ACCA. He contends that, without the residual clause, the classification of his burglary and escape convictions under the remaining ACCA definitions of violent felony is also incorrect. Davis maintains that, when his burglary and escape convictions are excluded from use as predicate violent felonies for purposes of the ACCA, he no longer has the minimum number of qualifying prior convictions (*i.e.*, three) to qualify as an armed career criminal under 18 U.S.C. § 924(e). (Doc. # 1.) He contends that he has only two prior qualifying convictions under the ACCA for "serious drug offenses," specifically, two 1996 Alabama convictions for unlawful distribution of a controlled substance.

The Government maintains that all five of Davis's 1996 Alabama convictions for drug distribution qualified as serious drug offenses. It contends that Davis's convictions for each of the five drug distribution offenses should be counted separately as a serious drug offense, giving Davis the requisite number of prior predicate convictions subjecting him to the ACCA enhancement. (*See* Doc. # 6, at 23–27.)

**D.**    **Eleventh Circuit's Intervening Decision in *Beeman***

After the parties filed their pleadings in this case, the Eleventh Circuit decided

*Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). In *Beeman*, the Eleventh

Circuit held that a § 2255 movant bears the burden of proving a *Johnson* claim,

stating:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

*Id.* at 1221 (internal footnote and citation omitted). Because the "burden of proof

and persuasion" was "critical" to its decision, the Eleventh Circuit in *Beeman*

elaborated that, "[t]o prove a *Johnson* claim, the movant must show that — more

likely than not — it was use of the residual clause that led to the sentencing court's

enhancement of his sentence." *Id.* at 1221–22. "If it is just as likely that the

sentencing court relied on the elements or enumerated offenses clause, solely or as

an alternative basis for the enhancement, then the movant has failed to show that his

enhancement was due to use of the residual clause." *Id*. at 1222.

The Eleventh Circuit in *Beeman* emphasized that the movant must prove a "historical fact" — namely, that at the time of sentencing, the defendant was "sentenced solely per the residual clause." *Id.* at 1224 n.5. The Eleventh Circuit has explained that, under *Beeman*, "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019). "Sometimes the answer will be clear — '[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id.* (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a [presentence investigation report], for example, to find 'circumstantial evidence.'" *Id.* at 963–64 (brackets added) (quoting *Beeman*, 871 F.3d at 1224 n.4).

The *Beeman* court also stated that cases decided after a *Johnson* movant's sentencing that exclude a conviction as a predicate under the ACCA's enumerated-offenses or elements clauses "cast[ ] very little light, if any, on the key question of historical fact" of whether the movant was sentenced under the residual clause. 871 F.3d at 1224 n.5. According to the *Beeman* court's analysis, then, the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), is unavailable to those seeking relief based on *Johnson* who were sentenced before *Descamps* issued because *Descamps* construed the ACCA's enumerated-offenses clause and

therefore has no bearing on the residual clause analysis. 871 F.3d at 1224 n.5; *see Ziglar v. United States*, 757 F. App'x 886, 889 (11th Cir. 2018).

As discussed below, Davis cannot show that his ACCA enhancement "turned on the validity of the residual clause." Therefore, his § 2255 motion and claim for relief under *Johnson* collapse under the weight of the Eleventh Circuit's decision in *Beeman*.[3]  *See* 871 F.3d at 1221.

## III. DISCUSSION

Davis does not dispute that two of his 1996 Alabama drug distribution convictions were properly counted as predicate serious drug offenses for purposes of the ACCA. Therefore, it was necessary that Davis have only one other prior conviction for a violent felony or serious drug offense to authorize his ACCA enhancement.[4]  The sentencing court found that Davis's two prior Alabama burglary

---

[3] The Eleventh Circuit's authorization to Davis to file this § 2255 motion is only a "threshold determination" that "does not conclusively resolve" whether Davis has actually satisfied the requirements of § 2255(h). *See In re Moore,* 830 F.3d 1268, 1270–71 (11th Cir. 2016). Rather, this court must make an independent determination of whether Davis meets § 2255(h)'s requirements and "'decide every aspect of the case fresh, or in the legal vernacular, *de novo*.'" *In re Chance*, 831 F.3d 1335, 1338 (11th Cir. 2016) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)). This gatekeeping role recognizes that this court is in the best position to make the § 2255(h) assessment. *Jordan*, 485 F.3d at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination" as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met).

[4] This court pretermits discussion of the Government's argument that the record is sufficient to show that each of Davis's five Alabama drug distribution convictions should be counted separately, thereby providing the requisite "three or more" prior convictions for a serious drug offense to qualify Davis for the ACCA enhancement. Also pretermitted is discussion of the

convictions — his 1981 conviction for third-degree burglary and his 1977 conviction for second-degree burglary — were for generic burglaries that qualified as violent felonies for purposes of the ACCA. Davis fails to show, as required by *Beeman*, that the sentencing court relied on the ACCA's residual clause to find his Alabama burglary convictions were violent felonies for purposes of the ACCA. Indeed, the great weight of evidence shows that the sentencing court found both Alabama burglary convictions were for generic burglaries that qualified as violent felonies under the ACCA's enumerated-offenses clause. Thus, this court finds that Davis

---

Government's alternative argument that the court should conduct an evidentiary hearing on whether Davis's five prior drug distribution convictions are five separate offenses for ACCA purposes. As noted, Davis does not argue against the use of two of the prior drug-distribution convictions as predicate serious drug offenses for ACCA purposes. Moreover, whether a prior conviction was properly counted as a serious drug offense by the sentencing court is not a matter that falls under *Johnson*'s holding voiding the ACCA's residual clause. Accordingly, it would be too late for Davis to challenge the sentencing court's use of two of his prior drug-distribution convictions as predicate serious drug offenses for ACCA purposes. Such a challenge would not be a "*Johnson* claim" and would therefore be time-barred by the limitation period in 28 U.S.C. § 2255(f)(1). Finally, the Eleventh Circuit and district courts within the Eleventh Circuit have held that unlawful distribution of a controlled substance under Alabama law is a serious drug offense for purposes of the ACCA. *See United States v. Smiley*, 263 F. App'x 765, 769 (11th Cir. 2008) ("Smiley had been convicted of three counts of unlawful distribution of a controlled substance under Alabama Code § 13A-12-211, a Class B felony punishable by not more than twenty years. Thus, Smiley's prior convictions meet the definition of a serious drug offense.") (internal citations omitted); *United States v. Beasley*, 447 F. App'x 32, 36–37 (11th Cir. 2011) (finding conviction for unlawful distribution of a controlled substance under Alabama law was a serious drug offense); *Thomas v. United States*, 2016 WL 4920046, *5 (N.D. Ala. 2016) (finding conviction for unlawful distribution under Alabama law was a serious drug offense under the ACCA definition); *Mims v. United States*, 2017 WL 2378085, at *7 (N.D. Ala. 2017) (holding that Alabama convictions for unlawful distribution of a controlled substance in violation of Alabama Code § 13A-12-211 are categorically serious drug offenses for purposes of the ACCA).

had a total of four prior qualifying ACCA predicate convictions.[5]  However, if even one of Davis's prior Alabama burglary convictions is added to his two prior Alabama drug distribution convictions, Davis still has the requisite "three or more" prior convictions for a violent felony or serious drug offense to authorize the ACCA enhancement.  Davis's Alabama burglary convictions are discussed below.

## A.    Davis's 1981 Alabama Conviction for Third-Degree Burglary

Davis contends that his 1981 Alabama conviction for third-degree burglary does not qualify as a violent felony under the now-void residual clause of the ACCA. He argues that, without the residual clause, this burglary conviction does not satisfy the remaining ACCA definitions of violent felony because Eleventh Circuit decisions after he was sentenced have held that third-degree burglary under the Alabama statute is not generic burglary for purposes of the ACCA's enumerated-offenses clause.[6]  (*See* Doc.  # 1 at 3–4 & 7.)

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court established a uniform "burglary" definition for the purposes of sentencing under the

---

[5] This court is satisfied that Davis has shown that the sentencing court relied on the residual clause to find that Davis's 1992 Alabama conviction for second-degree escape was a violent felony under the ACCA.  Therefore, under *Beeman*, Davis's escape conviction cannot count as an ACCA predicate.

[6] Unquestionably, an Alabama third-degree burglary conviction does not qualify as a violent felony under the ACCA's *elements* clause because the Alabama statute defining that offense does not contain — and has never contained — as an element "the use, attempted use, or threatened use of physical force against the person of another."  § 924(e)(2)(B)(i).

ACCA. 495 U.S. at 592 ("We think that "burglary" in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."); *see also Descamps*, 570 U.S. at 260–61 ("We begin with *Taylor v. United States*, which established the rule for determining when a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses (*e.g.*, burglary).") (citing *Taylor*, 495 U.S. 575). "Congress meant by 'burglary,'" the *Taylor* Court held, "the generic sense in which the term is now used in the criminal codes of most States." 495 U.S. at 598. Acknowledging that "the exact formulations vary" across states, the Court concluded that, with regard to the ACCA, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* (citing W. LaFave & A. Scott, *Substantive Criminal Law* § 8.13(a), (c), (e)). Thus, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

In determining whether a prior conviction is equivalent to generic burglary, the court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular

facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the elements of the offense are either "the same as, or narrower than, those of the generic offense," then the conviction meets the ACCA's definition. *Id.* This is known as the "categorical approach." *Id.*; *see also United States v. Gundy*, 842 F.3d 1156, 1161 (11th Cir. 2016) ("[F]ocusing on the elements of the statute of conviction is, and always has been, the essential principle governing ACCA cases.").

For the limited purpose of "help[ing] implement the categorical approach when a defendant [is] convicted of violating a divisible statute," the Supreme Court has permitted courts to use the "modified categorical approach." *Descamps*, 570 U.S. at 263. The modified categorical approach allows courts to review a limited class of documents (such as charging papers and jury instructions) from the state proceedings (known as "*Shepard* documents") to find out if the state court convicted the defendant of the generic offense. *See Shepard v. United States*, 544 U.S. 13 (2005); *Mathis*, 136 S. Ct. at 2249. Even though the modified categorical approach lets courts look at facts for that limited purpose, it "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's." *Descamps*, 570 U.S. at 263. "Our inquiry, in this regard, is always about what elements the defendant was convicted of, not the facts that led to that conviction." *United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016).

At the time of Davis's 1981 Alabama conviction for third-degree burglary, Alabama Code § 13A-7-7 provided: "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein."[7] Ala. Code § 13A-7-7(a). Section 13A-7-1(2) of the Alabama Code defines "building," for purposes of the burglary offenses set out in §§ 13A-7-7 (third-degree burglary) and 13A-7-6 (second-degree burglary), as follows:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.

Ala. Code § 13A-7-1(2).[8]

Davis argues that the sentencing court, in 2008, could not have found that his Alabama third-degree burglary conviction qualified as a violent felony under the ACCA's enumerated-offenses clause. He cites the Eleventh Circuit's decision in *United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014), where the Court held that a conviction under Alabama's third-degree burglary statute "cannot qualify

---

[7] The definition of third-degree burglary in § 13A-7-7 was amended significantly in January 2016. The version of § 13A-7-7 quoted above and considered here was in effect from 1979 to 2015. *See Northcutt*, 2017 WL 9470793, at *5.

[8] In August 2016, this statute's subsection designation was renumbered as § 13A-7-1(1).

as generic burglary under the ACCA" and, thus, is not a predicate violent felony under the ACCA's enumerated-offenses clause.[9] Hence, Davis contends that only the ACCA's residual clause could have authorized a finding that his third-degree burglary conviction was a violent felony and his sentencing court must have relied upon that now-void clause to enhance his sentence under the ACCA.

*Johnson* entitles petitioners to collateral relief from ACCA-enhanced sentences that were based on the residual clause. Did the district court here rely on the residual clause (as *Beeman* requires) to find that Davis's Alabama third-degree burglary conviction was a violent felony for purposes of the ACCA? The record and the relevant law when Davis was sentenced indicate that the answer is "No." Eleventh Circuit decisions at least as early as 2006 supported a sentencing court's use of the modified categorical approach to assess whether a prior conviction for

---

[9] The Eleventh Circuit in *Howard* applied *Descamps v. United States*, 570 U.S. 254 (2013), to conclude that third-degree burglary under § 13A-7-7 was "non-generic" because the definition of "building," as used in the statute and specifically defined at § 13A-7-1, included things such as vehicles, aircraft, and watercraft, which are outside the scope of generic burglary. *Howard*, 742 F.3d at 1348. Comparing the elements of Alabama third-degree burglary to generic burglary, Alabama third-degree burglary criminalizes broader conduct. Specifically, it also criminalizes unlawful entry into vehicles, aircraft, and watercraft. Generic burglary does not. *Id.* The Court in *Howard* further held that Alabama's third-degree burglary statute was "indivisible" because, under *Descamps*, the various listed items included in the statute's definition of "building" were "not alternative elements" of the offense of third-degree burglary defining multiple distinct crimes. *Id.* (citing *Descamps*, 570 U.S. at 276). Instead, the statute listed various factual means of committing a single element of the offense, making it indivisible. *See Mathis*, 136 S. Ct. at 2249. The Eleventh Circuit concluded that, because the statute was non-generic and indivisible, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate offense under the ACCA's enumerated-crimes clause. *Howard*, 742 F.3d at 1349 (citing *Descamps*, 570 U.S. at 276–77).

Alabama third-degree burglary was a generic burglary and therefore a violent felony under the ACCA's enumerated-offenses clause. *See United States v. Dowd*, 451 F.3d 1244, 1254–55 (11th Cir. 2006) (concluding that charging documents and transcripts revealed that an Alabama second-degree burglary conviction was for generic burglary and therefore qualified under the enumerated crimes clause); *United States v. Bennett*, 472 F.3d 825, 832–34 (11th Cir. 2006) (permitting the use of undisputed facts in a PSR to make the generic burglary finding); *United States v. Matthews*, 466 F.3d 1271, 1274–75 (11th Cir. 2006) (acknowledging that a generic burglary conviction qualifies under the enumerated crimes clause and explaining that burglary convictions not proven to constitute generic burglary qualify under ACCA's residual clause). A sentencing court in 2008 "would have been comfortably within circuit law to have applied the modified categorical approach . . . to conclude that [Davis's] Alabama conviction[ ] for third-degree burglary . . . qualified as generic burglary under the ACCA's enumerated-crimes clause." *Ziglar v. United States*, 201 F. Supp. 3d 1315, 1325 (M.D. Ala. 2016), *aff'd*, 757 F. App'x 886 (11th Cir. 2018). Davis's PSR reflects that the underlying facts of his Alabama third-degree burglary conviction involved his unlawful entry into a bait shop to steal

fishing equipment, beer, and cigarettes. (Doc. # 6-5 at 8, ¶ 44.) This was a "generic" burglary offense within the meaning of the ACCA's enumerated-offenses clause.[10]

Moreover, Davis can point to no facts in the sentencing record (including the PSR) that establish the sentencing court relied solely on the residual clause, as opposed to also or solely relying on the enumerated-offenses clause, to count Davis's Alabama third-degree burglary conviction as a violent felony for purposes of the ACCA. *See Beeman*, 871 F.3d at 1221. Indeed, all the evidence on this question weighs in favor of finding that the sentencing court considered the third-degree burglary conviction to qualify under the enumerated-offenses clause. The sentencing hearing transcript reflects that, after considering the statutory elements of the offense and reviewing the allegations in the Alabama indictment, the district court found that Davis's third-degree burglary conviction was for a "generic burglary," indicating that the court found the conviction qualified as a violent felony under the ACCA's enumerated-offense clause. (*See* Doc. # 6-8, at 12–19 & 34.)

Under *Beeman*, what happened at sentencing, as a matter of historical fact, is the concern when determining if a petitioner has sustained his *Johnson* claim. *Beeman*, 871 F.3d at 1224 n.5. The record and the relevant law when Davis was

---

[10] That is, Davis's actions constituted the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The court cannot conceive of additional facts unalleged in the PSR that might have taken Davis's burglary outside the realm of factually generic burglary.

sentenced in 2008 do not suggest that the district court relied solely, or in any way, on the residual clause to find Davis's prior Alabama third-degree burglary conviction was a violent felony for purposes of the ACCA. Instead, the record and relevant law when Davis was sentenced indicate that the district court found Davis's third-degree burglary conviction qualified as violent felony under the ACCA's enumerated-offenses clause. Therefore, as to the third-degree burglary conviction, Davis fails to meet his burden under *Beeman*. His *Johnson* claim regarding this prior conviction fails likewise.[11]

## B. Davis's 1977 Alabama Conviction for Second-Degree Burglary

Davis also contends that his 1977 Alabama conviction for second-degree burglary is not a generic burglary for purposes of the ACCA's enumerated-offenses clause and that the district court therefore necessarily relied on the ACCA's residual clause, in violation of *Johnson*, to find the second-degree burglary conviction qualified as a violent felony for purposes of the ACCA. (Doc. # 1, at 3–4 & 7.)

---

[11] If Davis were sentenced today, his 1981 Alabama third-degree burglary conviction would not qualify under either of the ACCA's remaining clauses. *See Howard*, 742 F.3d at 1348–49 (holding that, in light of *Descamps*, a conviction for Alabama third-degree burglary does not qualify as an ACCA predicate under the enumerated-offenses clause). However, as indicated above in this Memorandum Opinion and Order, under the Eleventh Circuit's analysis in *Beeman*, the Supreme Court's decision in *Descamps* is unavailable to those seeking relief based on *Johnson* who were sentenced before *Descamps* issued, because *Descamps* construed the ACCA's enumerated-offenses clause and therefore has no bearing on the residual clause analysis. *See Beeman*, 871 F.3d at 1224 n.5; *Ziglar*, 757 F. App'x at 889.

The sentencing record reflects that, as with Davis's conviction for third-degree burglary, the district court considered the statutory elements of the offense and reviewed the allegations in the Alabama indictment to find that Davis's second-degree burglary conviction was for a "generic burglary" — indicating thereby that the court found the conviction to qualify as a violent felony under the ACCA's enumerated-offenses clause. (*See* Doc. # 6-8 at 12–19 & 34.) Moreover, the facts of Davis's second-degree burglary mentioned in the indictment indicated that the offense involved his breaking and entering into a warehouse with the intent to steal merchandise and food items therein — suggesting a "factually generic burglary." (Doc. # 6-8, at 12.) For his part, Davis point to no facts in the record that show the sentencing court relied solely on the residual clause, as opposed to also or solely relying on the enumerated-offenses clause, to count Davis's Alabama second-degree burglary conviction as a violent felony for purposes of the ACCA. *See Beeman*, 871 F.3d at 1221.

In any event, resort to a modified categorical analysis is unnecessary because a conviction under the Alabama statute that was the basis of Davis's 1977 second-degree burglary conviction is categorically a generic burglary that qualifies as a violent felony under the ACCA's enumerated-offenses clause. At the time of Davis's 1977 Alabama conviction for second-degree burglary (for acts that Davis

was charged with committing in September 1976), second-degree burglary was defined at Alabama Code § 13-2-41 as follows:

> Any person who, in the daytime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house or any other house or building which is occupied by any person lodged therein, or any person who, either in the nighttime or daytime, with intent to steal or to commit a felony, breaks into and enters any uninhabited dwelling house, or any building, structure or enclosure within the curtilage of any dwelling house, though not forming any part thereof, or into any shop, store, warehouse or other building, structure or enclosure in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided such structure or enclosure other than a shop, store, warehouse or building is specially constructed or made to keep such goods, wares, merchandise, or other valuable thing, is guilty of burglary in the second degree and shall on conviction be imprisoned in the penitentiary for not less than one year nor more than 10 years.

Ala. Code § 13-2-41.

In *Northcutt v. United States*, this court found that § 13-2-41's predecessor, Title 14, § 86, Code of Alabama 1940, a statute with language identical to that of § 13-2-41, sets forth an offense that is categorically generic burglary and thus constitutes a violent felony under the ACCA's enumerated-offenses clause. No. 2:14-CV-242-WKW, 2017 WL 9470793 (M.D. Ala. Aug. 2, 2017), report and recommendation adopted, No. 2:14-CV-242-WKW, 2017 WL 4269970 (M.D. Ala. Sept. 26, 2017), *aff'd*, 754 F. App'x 923 (11th Cir. 2018). The Eleventh Circuit subsequently affirmed, issuing an opinion that agreed with this court's holding that second-degree burglary under Title 14, § 86 is categorically generic burglary and therefore a violent felony under the enumerated-offenses clause. *Northcutt*, 754 F.

App'x at 925–26. Because Davis's 1977 Alabama second-degree burglary conviction was obtained under a statute with language identical to its predecessor statute, a statute setting forth an offense that the Eleventh Circuit has found to be categorically generic burglary, Davis's 1977 Alabama second-degree burglary conviction qualifies as a predicate violent felony under the ACCA's enumerated-offenses clause.[12]

Even if Davis's Alabama second-degree burglary conviction was not for an offense that is categorically generic burglary, Davis would not be entitled to any relief on his claim under *Johnson*, for the same reason his claim regarding his third-degree burglary conviction entitles him to no relief under *Johnson*: The record and the relevant law when Davis was sentenced in 2008 do not suggest that the district court relied solely, or in any way, on the residual clause to find that Davis's prior Alabama second-degree burglary conviction was a violent felony for purposes of the

---

[12] While one of the proscribed locations in Alabama Code § 13-2-41 is any "building," Alabama's burglary statute in 1977, unlike its current burglary statute, contained no specific definition of building. More to the point, unlike the current burglary statute, Alabama's burglary statute in 1977 contained no language expressly or implicitly defining the term building to include, besides its ordinary meaning, things such as vehicles, aircraft, and watercraft — locations included in Alabama's current burglary statute that expand the meaning of "building" beyond the scope of generic burglary. *See Howard*, 742 F.3d at 1348. As used in § 13-2-41, the term "building" appears to match the meaning of building as an element of generic burglary, *i.e.*, *Taylor*'s definition of generic burglary as the "unlawful or unprivileged entry into, or remaining in, a *building* or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599 (emphasis added). Certainly, there is no suggestion that the term "building" as used in the older statute should be construed so broadly as to include vehicles, aircraft, or watercraft — locations expressly included under the current burglary statute. *See Northcutt*, 2017 WL 9470793, at *6–7 (containing same discussion regarding § 13-2-41's predecessor, Title 14, § 86, Code of Alabama 1940).

ACCA. Therefore, as to his 1977 Alabama second-degree burglary conviction, Davis fails to meet his burden under *Beeman*, and his *Johnson* claim regarding this prior conviction fails likewise.

In light of the foregoing, Davis had four qualifying ACCA enhancement-triggering prior convictions. Two were for serious drug offenses, specifically, two 1996 Alabama convictions for unlawful distribution of a controlled substance. Two were for violent felonies, specifically, a 1981 Alabama conviction for third-degree burglary and a 1977 Alabama conviction for second-degree burglary. Because Davis had at least three prior convictions that qualify as ACCA predicates, his *Johnson* claim fails, and he is not entitled to resentencing.

## IV. CONCLUSION

Davis has not met the requirements to file a second or successive § 2255 motion. He has not shown that his ACCA enhancement turns solely on the validity of the residual clause and that his sentence is within the scope of the new rule of constitutional law announced in *Johnson*. Accordingly, it is ORDERED that Davis's § 2255 motion is DENIED as a second or successive motion.

A final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 26th day of September, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE